UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LESTER BELL,

        Plaintiff,                      Case No. 1:18-cv-522

v.                                     Honorable Paul L. Maloney

UNKNOWN MILLER et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Simmons, Miller, and Skipper. The Court will serve the complaint against Defendants Brown and Wilson.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia County, Michigan. Plaintiff sues the following MDOC employees at RMI: Inspectors (unknown) Miller and (unknown) Simmons; Deputy Warden (unknown) Skipper; and Correctional Officers (unknown) Brown and (unknown) Wilson.

Plaintiff alleges when he arrived at RMI, he noticed that staff members would allow inmates to assault each other, and would sometimes pay inmates to assault another inmate. Plaintiff filed a grievance against Officer Brown for denying Plaintiff showers and other "proper necessities." (Compl., ECF No. 1, PageID.3.) Brown allegedly became angry and threatened Plaintiff.

Plaintiff spoke with Defendants Simmons, Miller, and Skipper regarding these "threats," five months before "the incident." (*Id.*) Inmates told Plaintiff that Officers Brown and Wilson were trying to pay them to "fuck [Plaintiff] up." (*Id.*) However, "[e]veryone" ignored Plaintiff and refused to put him in protective custody. (*Id.*)

On May 11, 2015, Officer Brown allegedly allowed several inmates to assault Plaintiff in the shower area. Plaintiff's sustained a broken jaw and was sent to the hospital. Three months later, he returned to RMI and was "threatened" by Officers Brown and Wilson. (*Id.*) On August 21, 2015, Plaintiff was stabbed by prisoners who allegedly told him that it was a "message" from Officers Brown and Wilson. (*Id.*) Finally, Plaintiff was transferred to another prison.

On May 5, 2018, Plaintiff was transferred back to RMI. He claims that he is receiving "threats" from Inspector Miller and Officer Wilson. (*Id.*) He is in segregation for

refusing to "lock" because he is being denied protective custody. (*Id.*) He believes that he will be assaulted again under "staff instructions" if he returns to the general prison population. (*Id.*)

As relief, he seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Simmons, Miller, Skipper

Plaintiff alleges that he told Defendants Simmons, Miller and Skipper about unspecified "threats" from Officer Brown, and apparently they did not respond to his concerns.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that Defendants acted with "deliberate indifference" to a substantial risk that he would suffer serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

Plaintiff's allegations are not sufficient to state an Eighth Amendment claim. He does not allege the nature of the threat that he received from Officer Brown, or what he communicated to Defendants Simmons, Miller, or Skipper. Unless the latter Defendants were aware of, and disregarded, a substantial risk of serious harm to Plaintiff, they did not violate Plaintiff's rights under the Eighth Amendment. Plaintiff's allegations do not permit a plausible

inference that he was subject to a substantial risk of serious harm after Officer Brown threatened him, or that Defendants Simmons, Miller, or Skipper were deliberately indifferent to this risk. Without more details about the contents of Plaintiff's complaints to Defendants Simmons, Miller, and Skipper, his allegations against them do not permit the Court to infer anything more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

For similar reasons, Plaintiff does not state a claim against Miller for making unspecified threats against Plaintiff. Thus, Plaintiff does not state an Eighth Amendment claim against Defendants Simmons, Miller, or Skipper.

Furthermore, to the extent Plaintiff alleges that Simmons, Miller, and Skipper are liable for the actions of other MDOC officials, Plaintiff does not state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants

Simmons, Miller, and Skipper engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Remaining Defendants

Plaintiff's allegations are sufficient to state a claim against Defendants Brown and Wilson. Accordingly, the Court will order service of the complaint on them.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Simmons, Miller, and Skipper will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Brown and Wilson.

An Order consistent with this Opinion will be entered.

Dated:  July 12, 2018                    /s/ Paul L. Maloney
                                                                                                 Paul L. Maloney
                                                                                                 United States District Judge