UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LESTER BELL,

    Plaintiff,

v.

UNKNOWN MILLER et al.,

    Defendants.
_____/

Case No. 1:18-cv-522

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On July 12, 2018, the Court dismissed Plaintiff's complaint against three defendants and ordered service on the two remaining defendants. Before the Court is a letter that the Clerk has docketed as a motion to amend the complaint (ECF No. 9). Review of the letter indicates that it is, in fact, a motion to supplement the complaint with additional facts and defendants. Plaintiff's motion will be granted, but the new defendants named therein—including the defendants who have already been dismissed—will be dismissed for failure to state a claim.

### Discussion

**I.    Motion to Supplement**

Rule 15(d) of the Federal Rules of Civil Procedure provides that a court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court construes Plaintiff's letter as a motion to supplement because he indicates that he would

like to add various defendants to the case and because the allegations contained in his motion concern events that occurred after the date of his original complaint.

"Rule 15 sets a liberal policy in favor of permitting parties to amend their pleadings, and courts have interpreted the rule to allow parties to add new claims, defenses, and parties to the lawsuit." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) (discussing Rule 15(d)). Accordingly, the Court will allow the supplement to the complaint.

## II. PLRA Review

Because this action is subject to 28 U.S.C. §§ 1915 and 1915A, the Court must review the allegations in the supplemental pleading to determine whether they state a claim. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* pleadings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss all of the new defendants identified in the supplemental pleading for failure to state a claim.

## III. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility, but the events about which he complains occurred while he was incarcerated at the Michigan Reformatory (RMI). In his complaint, he named the following employees of RMI: Inspectors (unknown) Miller and (unknown) Simmons;

2

Deputy Warden (unknown) Skipper; and Correctional Officers (unknown) Brown and (unknown) Wilson. On July 12, 2018, The Court dismissed Defendants Miller, Simmons, and Skipper for failure to state a claim and ordered service of the complaint on Defendants Wilson and Brown.

In his supplement to the complaint, Plaintiff names all of the five original defendants, as well as the following MDOC employees at RMI: Sergeants (unknown) Loise, (unknown) Sturm, (unknown) Sissel, (unknown) Joyit, and (unknown) Breelove; Lieutenant (unknown) Henry; Correctional Officers (unknown) Foltz, (unknown) Saudio, (unknown) Kelly, and (unknown) Chaney; Assistant Residential Unit Supervisors (ARUS) (unknown) Smith, (unknown) Frias, and (unknown) Pittman; and an unidentified First Shift Captain. He also sues unidentified Ionia State Troopers at the Ionia State Police station.

In the supplement to the complaint, Plaintiff alleges that when he arrived at RMI on April 30, 2018, he informed the Deputy Warden Miller (who is not named as a defendant) of his "prior assaults." (Suppl., ECF No. 9, PageID.41.) Miller refused to provide protection. When returning to segregation, Plaintiff alleges that he was "threatened again" by Officer Brown. (*Id.*) Plaintiff filed a grievance about the issue, and Sergeant Sturm reviewed it with Plaintiff. Plaintiff informed Sturm about unidentified "threats." (*Id.*) Sturm refused to provide protection.

On May 14, Plaintiff told members of the security classification committee (SCC), including Deputy Warden Miller, Inspector Bonn, and Prisoner Counselor Hancock, about "threats" and "prior assaults." (*Id.*) They did not respond.

On May 31, Officer Chaney "threatened" Plaintiff. (*Id.*) Plaintiff filed a grievance about the issue. Nothing was done.

On five occasions in May and June, Officer Saudio "sexually harassed" Plaintiff by "sexually thrusting" at Plaintiff's cell. (*Id.*) There was an investigation, but Plaintiff was refused

3

protection. Plaintiff filed a grievance about the issue. He also spoke with Inspector Simmons (a defendant named in Plaintiff's original complaint), who "threatened" Plaintiff. (*Id.*) Plaintiff filed a grievance about that issue as well.

On June 5, Officer Wilson "threatened" Plaintiff and stated that Wilson and Brown intended to pay someone to "get" Plaintiff. (*Id.*) Plaintiff was refused protection.

On June 7, Plaintiff met with the SCC again and told them he was "scared for his life." (*Id.*) They denied him protection.

Plaintiff kited his psychologist on three occasions, who allegedly tried to get Plaintiff moved for safety reasons. Unidentified officials refused to provide help.

On June 8, the grievance coordinator (who is also called "Miller" but is not named as a defendant) returned Plaintiff's "PREA" grievance and "threatened" Plaintiff. (*Id.*) Plaintiff filed a grievance, but nothing was done.

On June 11, Officer Kelly "threatened" Plaintiff. Plaintiff filed a grievance but did not receive protection.

On June 15, Plaintiff filed a grievance about being moved to the fourth floor due to his "medical history" and "threats." Lieutenant Henry did not correct the issue. Plaintiff also alleges that he was "threatened" by Officer Foltz, ARUS Smith, and Officer Wilson one day before he was assaulted. (*Id.*) He filed a grievance about the issue but nothing was done.

Plaintiff's friend went to Rebecca Beard, an Ionia State Trooper, to inform her about the "threats" against Plaintiff. (*Id.*) Nothing was done.

Sergeant Joyit interviewed Plaintiff about his PREA grievance and wrote down false responses. Plaintiff grieved the issue and nothing was done.

Plaintiff spoke with the First Shift Captain about "threats"; nothing was done.

4

One June 27, Plaintiff spoke with Warden Skipper about the "threats." (*Id.*, PageID.42.) Skipper told Sergeant Breelove and Inspector Bonn to have Plaintiff moved. Sergeant Sissel allegedly told Plaintiff to return to his cell, despite Skipper's instructions. Plaintiff filed a grievance about the issue.

On June 28, Plaintiff spoke with Breelove and the First Shift Captain about being moved. They stated that they "didn't care" about the Warden's directions. (*Id.*) Later that day, Plaintiff spoke with PREA Investigator Cassel. Plaintiff informed him about "all the threats" and Cassel stated that he would try to get Plaintiff moved. (*Id.*) A few hours later, Plaintiff was assaulted and his jaw was broken, requiring immediate surgery.

Sometime before the assault, Plaintiff wrote to the Ombudsman for Internal Affairs, to the State Police, and to the Attorney General about "these threats" and "these sexual acts." (*Id.*) Nothing was done.

### IV. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

6

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment also directs that prison officials must "take reasonable measures to guarantee the safety of the inmates" in their care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that Defendants acted with "deliberate indifference" to a substantial risk that he would suffer serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

1. Threats

Plaintiff's assertion that various officials threatened him is not sufficient to state an Eighth Amendment claim. Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 955. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.*

2. Sexual Harassment

In addition, Plaintiff's allegation that Defendant Saudio sexually harassed him by "sexually thrusting" toward his cell does not state a claim. Courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement of an Eighth Amendment claim because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female

7

staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

Even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock

in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, Officer Saudio's conduct toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Officer Saudio ever touched him or had any form of physical contact with him. Acts of sexual harassment without physical contact are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, Plaintiff fails to state a claim against Officer Saudio.

### 3. Lack of Protection / Medical Needs

To the extent Plaintiff alleges that Defendants failed to provide protection, or failed to pay attention to his medical needs, Plaintiff does not state a claim. Plaintiff does not allege any details about the nature of the threats that he received, or about the medical concerns related to his move to a different floor. Unless Defendants were aware of, and disregarded, a substantial risk of serious harm to Plaintiff, they did not violate Plaintiff's rights under the Eighth Amendment. Plaintiff's allegations do not permit a plausible inference that he was subject to a substantial risk of serious harm, or that Defendants were deliberately indifferent to such a risk. In other words,

Plaintiff's allegations do not permit the Court to infer anything more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

### B. Supervisory Liability

To the extent Plaintiff alleges that Defendants are liable for the actions of other MDOC officials, or are liable because Defendants did not respond appropriately to Plaintiff's grievances, Plaintiff does not state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Similarly, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

In short, Plaintiff has failed to allege that Defendants Loise, Sturm, Henry, Foltz, Smith, Sissel, Joyit, Saudio, Kelly, Breelove, Chaney, Pittman, Frias, Miller, Simmons, Skipper, the First Shift Captain, or the Ionia State Troopers (including Officer Beard) engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

**Conclusion**

Plaintiff's motion to supplement the complaint will be granted. After conducting the review required by the Prison Litigation Reform Act, the Court determines that Defendants Loise, Sturm, Henry, Foltz, Smith, Sissel, Joyit, Saudio, Kelly, Breelove, Chaney, Pittman, Frias, Miller, Simmons, Skipper, the First Shift Captain, and the Ionia State Troopers (including Officer Beard) will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Defendants Brown and Wilson continue to be the remaining defendants in this action.

An Order consistent with this Opinion will be entered.

Dated: September 6, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge