UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

LESTER BELL, # 476602,                    )
                                          )
              Plaintiff,                   )
                                          )        Case No. 1:18-cv-522
v.                                        )
                                          )        Honorable Paul L. Maloney
LEONARD BROWN, et al.,                    )
                                          )
              Defendants.                 )
————————————————————)

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C.

§ 1983.  This lawsuit arises out of conditions of plaintiff's confinement at the Michigan

Reformatory.  The defendants are Corrections Officers Leonard Brown and Darrius

Wilson.  Plaintiff alleges that defendants violated his Eighth Amendment rights in

2015 by encouraging inmates to assault him, and in 2018 by deliberate indifference

to the risk that plaintiff might be assaulted.[1]

        The matter is before the Court on defendants' motion for summary judgment

based on the affirmative defense of failure to exhaust administrative remedies, as

required by 42 U.S.C. § 1997e(a).  (ECF No. 21).  Plaintiff's response is a motion to

amend/correct his complaint.  (ECF No. 25).  For the reasons set forth herein, I

recommend that the Court deny plaintiff's motion to amend or correct, grant

———————————————

[1] All other claims have been dismissed.  (ECF No. 13, 14).

defendants' motion for summary judgment, and enter a judgment dismissing all plaintiff's claims against defendants Brown and Wilson without prejudice.

<strong><u>Summary Judgment Standard</u></strong>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the

-2-

burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' "  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*,

678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.    Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile."  *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216.  The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies, but "no

-4-

unexhausted claim may be considered." *Id.* at 220.  The Court held that, when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. *Id.* at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion."  548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2]  In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the

_____

[2] A copy of the policy directive is found in the record.  (*See* ECF No. 22-2, PageID.129-35).

prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.  *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Michigan Reformatory. (RMI).  Corrections Officers Leonard Brown and Darrius Wilson were employed by the Michigan Department of Corrections at RMI at all times relevant to plaintiff's complaint.

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit on May 10, 2018.[3]   (ECF No. 22-3, PageID.137-53).   None of the grievances that plaintiff pursued through a Step III decision correspond to his allegations against defendants.

## Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Woodford*, 548 U.S. at 85.  "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.

Plaintiff concedes that he did not pursue any grievance corresponding to his claims against defendants before he filed this lawsuit.  (ECF No. 25, PageID.157). Plaintiff argues that he was "totally unaware of [] the PLRA."  (*Id.*). It is well established that ignorance of the requirements of the PLRA does not excuse an inmate's failure to exhaust his available administrative remedies.  *See Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 221 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *see also Brock-Butler v. Parker*, No. 16-6210, 2017 WL 7116972, at *3 (6th Cir. Sept. 21, 2017) ("The district court properly granted summary judgment to the defendants" because a

---

[3] Plaintiff is asserting claims stemming from two separate periods of confinement. The first period ended in 2015 when plaintiff was transferred from RMI to another prison.  The second period began on May 5, 2018, when plaintiff was transferred back to RMI.  (ECF No. 1, PageID.3).  Plaintiff signed his complaint on May 5, 2018.  (*Id.* at PageID.4).  If the Court applied the mailbox rule based on the signature date, plaintiff filed his complaint on the day he returned to RMI.  (*Id.* at PageID.3).

prisoner's " 'failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.' ") (quoting *Napier*, 636 F.3d at 221 n.2.).

Plaintiff seeks leave to file an amended complaint in order to have a later filing date attached to his complaint.  I recommend that plaintiff's motion be denied. Plaintiff's motion is not accompanied by a proposed amended complaint.  Further, plaintiff not seeking to amend a complaint that contained a "fully exhausted claim" when it was filed.  *See Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017); *see also Bonga v. Abdellatif*, No. 2:16-cv-13685, 2017 WL 9802708, at *5 (E.D. Mich. Dec. 11, 2017) (Allowing amendment to save existing claims where the original complaint is devoid of an exhausted claim when filed, "would also have the practical effect of permitting [p]laintiffs to prematurely file their complaints on the chance that their claims [would] be exhausted before service takes place.").  It is well established that a prisoner "cannot file a lawsuit first and then exhaust his administrative remedies after-the-fact." *Jackson v. Stoddard*, No. 1:13-cv-1297, 2016 WL 805503, at *10 (W.D. Mich. Jan. 25, 2016) (collecting cases).

Accordingly, I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court deny plaintiff's

motion to amend or correct (ECF No. 25), grant defendants' motion for summary

judgment (ECF No. 21), and enter a judgment dismissing all plaintiff's claims against

defendants Brown and Wilson without prejudice.


Dated:   January 7, 2019                         /s/  Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).