UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER BELL,
    Plaintiff,

v.

LEONARD BROWN, ET AL.,
    Defendants.

No. 1:18-CV-522

HONORABLE PAUL L. MALONEY

## ORDER

### I. Background

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff Lester Bell's confinement at the Michigan Reformatory. He alleges that Defendants Leonard Brown and Darrius Wilson violated his Eighth Amendment right to be free from cruel and unusual punishment by encouraging inmates to assault him, and also for being deliberately indifferent to the risk he may be assaulted.

Defendants have moved for summary judgment, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e. (ECF No. 21.) The matter was referred to the Magistrate Judge for a Report and Recommendation, which issued on January 7, 2019. (ECF No. 29.) Plaintiff has also moved for leave to amend his complaint. (ECF No. 25.)

The magistrate judge recommended granting the motion for summary judgment based on a finding that Plaintiff did not exhaust his administrative remedies. He recommends

denying Plaintiff's motion for leave to amend. The matter is now before the Court on Plaintiff's objections to the R & R.

## II. Legal Framework

### A. Objections to Report and Recommendation

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### B. Administrative Exhaustion

Prior to filing a civil lawsuit, a prisoner must first properly exhaust his available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 93. A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. See *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204, (2007). "Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

III. Discussion

The magistrate judge recommends granting the Defendants' motion for summary judgment because none of the grievances filed by Plaintiff and pursued through a Step III decision correspond to his allegations against the Defendants. Thus, the court found that no genuine dispute of fact prevented summary judgment based upon Plaintiff's failure to exhaust his administrative remedies. And as the magistrate noted, in Plaintiff's motion to amend his complaint, he admitted that he was "totally unaware" of the PLRA and conceded that he did not satisfy the exhaustion requirement. Finally, the magistrate judge recommended denying Plaintiff's motion for leave to file an amended complaint because he sought amended solely to have a later filing date, and it is "well established that a prisoner cannot file a lawsuit first and then exhaust his administrative remedies after-the-fact." (ECF No. 29 at PageID.174 (quoting *Jackson v. Stoddard*, NO. 1:13-cv-1297, 2016 WL 805503, at 10 (W.D. Mich. Jan. 25, 2016).)

Plaintiff has now lodged objections to the R & R. He asserts that the magistrate judge erred by (1) "dismiss[ing] claims because plaintiff failed to send a brief in support of his amendment request and relief of couns[e]l;" (2) failing to address previous motions for leave to amend before the motion for summary judgment was filed; (3) dismissing other defendants in a prior order; (4) failing to "assume every fact Plaintiff states is true."

Plaintiff's objections are meritless. First, the magistrate judge did not err in recommending the Court deny Plaintiff's motion for leave to amend his complaint. The R & R gave two reasons for denial of the motion: (1) The Court's local rules require a proposed amended complaint be filed contemporaneously with a motion for leave to amend; and (2) "it is well established that a prisoner cannot file a lawsuit first and then exhaust his administrative remedies after-the-fact." Either of these reasons were sufficient; the Court accepts both.

Second, the magistrate judge did not err by ruling on Plaintiff's prior motions for leave to amend after the motion for summary judgment on the basis of exhaustion was filed. The Court has inherent authority to manage its docket, and there is no rule that requires the Court to resolve a motion for leave to amend before another party files a dispositive motion— an action beyond the Court's control. Even if there was cognizable error, it is not properly before the Court, as the magistrate judge's R & R resolved only the motion for summary judgment and Plaintiff's December 5, 2018 motion for leave to amend. (*See* ECF No 29.) To challenge the magistrate judge's prior order denying leave to amend, (ECF No. 24), Plaintiff was required to file an appeal to the district judge, which he did not do.

Third, Plaintiff challenges the undersigned's prior orders granting leave to file an amended complaint, but dismissing several defendants for failure to state a claim. (*See* ECF Nos. 8, 13, 14). This challenge is not cognizable as an objection to the R & R because it does not address any ruling by the magistrate judge.

Fourth, Plaintiff argues that the Court erroneously applied the Rule 12 standard in dismissing Plaintiff's claims against Defendants Miller and Simmons. Those Defendants were dismissed prior to the motions now before the Court. Thus, this objection, too, is not properly before the Court as Plaintiff seeks to relitigate a prior ruling of the district judge, rather than any decision of the magistrate judge contained within the R & R.

In sum, Plaintiff's objections are without merit for the reasons stated. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 29) as the Opinion of the Court, **OVERRULES** Plaintiff's objections (ECF Nos. 30), **GRANTS** Defendants' motion for summary judgment (ECF No. 21), and **DENIES** Plaintiff's motion for leave to amend his complaint (ECF No. 25).

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**JUDGMENT TO FOLLOW.**

Date:  January 14, 2019              /s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge